09-0773-ag
Ferdilus v. Holder

BIA
A079 497 978

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 26th day of January, two thousand ten.

PRESENT:
> JON O. NEWMAN,
> ROBERT A. KATZMANN,
> BARRINGTON D. PARKER,
> > *Circuit Judges*.

─────────────────────────────────────

ALONVY FERDILUS,
> *Petitioner*,

v.                                    09-0773-ag
                                      NAC

ERIC H. HOLDER, Jr., U.S. ATTORNEY GENERAL,
> *Respondent*.[1]

─────────────────────────────────────

───────────────

[1]The Clerk of the Court is directed to amend the official caption as set forth above.

**FOR PETITIONER:** Melinda M. Basaran, Paterson, New Jersey

**FOR RESPONDENT:** Tony West, Assistant Attorney General, Barry J. Pettinato, Assistant Director, John D. Williams, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioner Alonvy Ferdilus, a native and citizen of Haiti, seeks review of a January 30, 2009 order of the BIA denying his motion to reopen his removal proceedings. *In re Alonvy Ferdilus*, No. A079 497 978 (B.I.A. Jan. 30, 2009). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). An alien who has been ordered removed may file one motion to reopen, but must do so within 90 days of the final administrative decision. 8 U.S.C. § 1229a(c)(7). The 90-day filing deadline may be equitably tolled if the

2

alien can establish "changed country conditions arising in the country of nationality . . . if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding." 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii). Here, Ferdilus' motion to reopen was unquestionably untimely because he filed it more than three years after his June 2005 final order of removal. Thus, Ferdilus was required to present previously unavailable, material evidence of changed conditions in Haiti in order to avoid the time bar.

Ferdilus argues that the BIA abused its discretion by failing to properly consider the evidence he submitted in support of his motion to reopen. However, the BIA is not required to "expressly parse or refute on the record each individual argument or piece of evidence offered by the petitioner" as long as it "has given reasoned consideration to the petition, and made adequate findings." *Wei Guang Wang v. BIA*, 437 F.3d 270, 275 (2d Cir. 2006)(internal quotation marks omitted). A review of the record reveals that the BIA reasonably considered the record evidence. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 337 n.17 (2d Cir. 2006).

3

Furthermore, there is no merit to Ferdilus' assertion that changed country conditions in Haiti would result in him being persecuted on account of his membership in a "particular social group" – specifically, "Haitians returning to the country after a long stay in the United States . . . ." *See* 8 C.F.R. § 1003.2(c)(3)(ii). Putting aside the question of whether that group is sufficiently cognizable, *see Koudriachova v. Gonzales*, 490 F.3d 255, 261-62 (2d Cir. 2007), the BIA reasonably found that the evidence did not support a finding that Haitians returning from the United States are targeted for crime and kidnaping, or that any harm that might come to such individuals would be different in kind than that faced by all citizens living in a country wracked by violence and instability. *See Ucelo-Gomez v. Mukasey*, 509 F.3d 70, 73 (2d Cir. 2007). Accordingly, the BIA did not abuse its discretion in denying Ferdilus' untimely motion to reopen his removal proceedings because he failed to establish a material change in conditi*ons in Haiti that* would constitute an exception to the time limitation for filing motions to reopen.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of

4

removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

                              FOR THE COURT:
                              Catherine O'Hagan Wolfe, Clerk